963 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Subhash MALHOTRA, Plaintiff-Appellant,
v.
COTTER & COMPANY, a Delaware corporation, Defendant-Appellee.
 90-3862.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 7, 1991
Decided May 28, 1992.
 
 1
 Before COFFEY and EASTERBROOK, Circuit Judges, and CRABB, Chief District Judge.*
 
 ORDER
 
 2
 Subhash Malhotra, an accountant of Indian birth and ancestry, appeals the district court's grant of summary judgment on his discrimination claim against his former employer, Cotter & Company (Cotter). 42 U.S.C. § 1981. We affirm.
 
 
 3
 The facts in this case are set forth in prior opinions. Malhotra v. Cotter & Co., 885 F.2d 1305 (7th Cir.1989); Malhotra v. Cotter & Co., 696 F.Supp. 1203 (N.D.Ill.1988). Thus we recite only a brief factual summary. Malhotra, a Certified Public Accountant, began working as an internal auditor at Cotter in 1979. The audit department offered little opportunity for advancement; the only person between Malhotra and the company president was the department head. The accounting, tax, and finance departments, in contrast, had a more bureaucratic structure, including numerous supervisory and managerial positions at various levels of authority, and thus more opportunities for advancement. Between 1982 and 1984 several of these supervisory and managerial positions opened up, but Malhotra was never selected for one.[1] This, he claims, was the result of discrimination based on his ethnicity, and was thus in violation of § 1981, which forbids discrimination when it interferes with a person's right "to make and enforce contracts." St. Francis College v. Al-Khazraji, 481 U.S. 604 (1987).
 
 
 4
 In granting summary judgment to Cotter, the district court focused on Malhotra's failure to prove that the positions he sought would entail "a new and distinct relation between the employee and employer" as required by Patterson v. McLean Credit Union, 491 U.S. 164, 185 (1989).[2] Both in his brief and at oral argument, Malhotra argued that this decision was incorrect or, at the least, that the question of whether a promotion would create a "new and distinct relation" is one of fact and therefore should be left to the jury, not resolved on summary judgment.
 
 
 5
 We need not decide whether the positions Malhotra sought would entail a "new and distinct" relationship with Cotter, however, because even if the promotions would satisfy Patterson, Malhotra would be unable to survive the defendant's motion. In this motion the defendants asserted that no issue remained for trial because Malhotra was unable to produce any evidence that race or color played a role in his failure to be promoted. Section 1981 failure to promote cases use the same burden-shifting method of proof adopted in Title VII disputes. Patterson, 109 S.Ct. at 2377. This method provides that once an employer has articulated a legitimate non-discriminatory reason for its actions, the plaintiff must demonstrate that the reason is actually no more than a pretext for discrimination. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). Here, Cotter explained that Raymond Grymski, who was in charge of selecting persons to fill the positions Malhotra desired, never interviewed, much less selected Malhotra for the open positions because (1) he was unaware of Malhotra's interest in the positions because he never directly expressed this interest to him; (2) some of the positions were entry-level, and he would not have considered these to be promotions for Malhotra; (3) most of the positions paid less than Malhotra's salary at the time; (4) as to the positions that were not entry-level and paid more, he did not know whether Malhotra was even qualified to fill them, because he had no knowledge of the extent of Malhotra's accounting experience; and (5) when filling these positions, he looked first to employees within his chain of command, and since Malhotra was outside of his command, he was never considered for spots that could be filled by a Grymski subordinate.[3] Malhotra argues that Grymski ought to have known of his interest in and qualifications for these positions, having interviewed him before he was initially hired. That interview, however, took place in 1978, and the jobs at issue here became available between 1982 and 1984. Grymski cannot be expected to remember the details of every job interview for an indefinite period, nor can he be expected to review the resume of every employee every time a job opens up. The fact that Malhotra may have even made his wishes clear at his initial interview, or in talks with supervisors besides Grymski, hardly indicates that the reasons Grymski gave for his actions are a mere pretext for discrimination. Similarly, Malhotra contends that the company promised him that all qualified employees would be considered for new positions, but that Grymski only looked to his own subordinates when openings came, and so never gave him a chance. Be that as it may, Malhotra has failed to cast doubt on the accuracy or truthfulness of Grymski's explanation. He does not allege that he ever personally notified Grymski of his interest or that others did so for him. It is not discrimination for an employer to fail to promote someone when it is unaware of that person's desire for the position. Absent evidence that Grymski knew of his interest and still overlooked him, Malhotra cannot survive summary judgment.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Judge Barbara B. Crabb, Chief Judge of the Western District of Wisconsin, sitting by designation
 
 
 [1]
 Specifically, Malhotra contends that he was passed over for the positions of Accounting Supervisor, Manager of Insurance Accounting, Accountant, and General Office Manager
 
 
 [2]
 Patterson was effectively overruled by the Civil Rights Act of 1991. Pub.L. No. 102-166, § 102-166, § 102(b)(2). That development is irrelevant to our decision in this case, however, and, in any event, the pertinent sections of the Act do not apply retroactively. See Mozee v. American Commercial Marine Service Co., No. 90-2660, slip op. (7th Cir. May 7, 1992)
 
 
 [3]
 Grymski did admit to knowing of Malhotra's interest in the position of Finance Manager, but his refusal to hire Malhotra for this position is no longer in issue. Malhotra, 885 F.2d at 1309-10